White, J.
 

 delivered the following opinion of the Court: —
 
 [1]
 

 The only question in this Court is, whether the Circuit Court erred in rejecting the amended grant ?
 

 On behalf of the defendants, it is now insisted that the Court did not err: —
 

 1st. Because the petition filed for the purpose of having the grant amended does not show any mistake.
 

 2. Because the record does not show that there was a sufficient number of justices present when the Court ordered the amendment.
 

 3. Because it does not appear that Campbell had any notice of the petition.
 

 4. Because the County Court heard the petition at the first term, when the act of Assembly expressly forbids them to do so.
 

 5.
 
 Because the County Court did not order their clerk to certify that any particular fact had been proved to their satisfaction.
 

 On the other side it has been insisted that this petition was filed, and the amendment ordered, by a court of competent jurisdiction ; and that
 
 *147
 
 the decision, while unreversed, must be taken as correct against the defendants, who do not appear from this record to have any title whatever.
 

 / Whenever the Court by whom a decision is made has jurisdiction of the matter, such decision is not a nullity, although there may have been an error in the exercise of that jurisdiction. But if the Court has not jurisdiction the whole proceedings are a nullity. Willes’s Rep. 199; 1 Saun. 313; 2 Str. 996, 102; 2 Wils. 382; 1 Hay. Rep. 414; 1 Str. 703; 1 Bur. Rep. 620.
 

 This petition was filed under the Act of 1796, in force in this State, to be found in Hay. Rev. 224. The first section of that Act points out the cases in which the Court shall have jurisdiction. If an error has been committed by the surveyor or secretary, the Court of the county in which the lands lie, is to have jurisdiction to inquire, into the matter. An allegation that one of those officers has committed an error or mistake, and that the lands lie within the county where the allegation is made, are the only essential facts to show the Court have jurisdiction. The complaint is to be brought before the Court by petition. Hearing the testimony, judging whether there is an error and whether that error will injure the petitioner, and directing the clerk to make a certificate to the secretary, are acts to be done by the Court in the exercise of their jurisdiction; and if they err; either in the manner or time of exercising this jurisdiction, their proceedings, on that account, are not therefore void, but liable to be avoided in the regular way.
 

 By adverting to this record it will be found that the petition charges a mistake committed by the surveyor, in describing the beginning corner as standing on a watercourse different from the one on which it does stand. It then states that, in consequence of that mistake, several other alterations in the grant will be necessary. It likewise states that the land lies in the county where the petition is filed. It must be admitted that the mistakes committed by the surveyor are very inartificially described in the petition ; but in all cases where it is left doubtful whether the County Court had jurisdiction or not, I would incline to the construction which would affirm the jurisdiction, after the matter had been investigated and decided by them. Hence, in this case, I am of opinion enough is stated to show that this was a matter of which the County Court had cognizance. Upon the same principle I am of opinion we ought to suppose that five justices were present when the County Court decided this matter. Supposing, then, that the proceedings took place before a competent court, who had cognizance of the cause, I am of opinion that, although they may have erred in the particulars specified, when deciding the matter, yet as their proceedings have never been reversed or annulled by any higher tribunal, that they ought to have been respected by the Circuit Court, so far as to have authorized the reading of the grant, as amended by virtue of them. After the grant, as
 
 *148
 
 amended, is read, the question will properly present itself, what effect it shall have as passing the title to the land therein described P It sufficiently appears from the record that the defendants had no notice of this petition. Still I am of opinion that they have no right to object to those proceedings, while they seem to have had no interest in the land when the decision took place. But the moment it appears that the defendants, or those under whom they may happen to claim, had an interest in the land covered by this grant, at the time the petition was filed, then I am of opinion that, though the proceedings are unreversed, yet the defendants can neither be concluded nor prejudiced by them, unless it can be shown that they, or those under whom they claim, had notice, such as the law requires.
 

 From these considerations, it seems to me that the decision of the Circuit Court ought to be reversed, and the cause remanded for the purpose of a new trial, “upon which the plaintiff’s grant ought to be read as evidence to the jury. But if the defendants upon such new trial should prove that at the time the petition was filed, or decided upon, they, or those under whom they claim had an interest in the land covered by the grant, that then the plaintiff’s case shall stand in the same situation as if there had been no order of the County Court.
 

 [1]
 

 Original Note. — Absent Overton, J.